JACOB H. CLUTE, RESPONDENT, *v.* ROBERT ROBISON AND OTHERS, AS COMMISSIONERS OF HIGHWAYS OF THE TOWN OF ROTTERDAM, APPELLANTS.

*Contract with a public officer — when a party rendering valuable services in good faith will be allowed to recover although he was not employed in the manner required by law.*

This action was brought by the plaintiff to recover the value of professional services rendered by him to the defendants, as commissioners of highways. The plaintiff was employed by two of the three commissioners, who acted without consultation with or notification to the third commissioner. On being subsequently notified of the plaintiff's employment, the third commissioner expressed his indifference to it.

*Held,* that the irregularity in the employment of the plaintiff should not prevent him from recovering the value of his services, as it appeared that he had acted in good faith and without knowledge of the defect in the authority of the officers employing him.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*S. W. Jackson,* for the appellants.

*J. H. Clute,* respondent, in person.

LANDON, J.:

The plaintiff was employed as counsel in behalf of the commissioners of highways, at the instance of two of the three commissioners, without any notice to, or consultation with the third. The third commissioner was subsequently informed of such employment of the plaintiff by his associates, and expressed his indifference. Under this employment the plaintiff rendered valuable services and incurred disbursements, and the jury have awarded him by their verdict a recovery therefor.

This manner of employment was irregular, because the third commissioner had no opportunity to know anything about it until after the employment was made, but the employment itself was not *ultra vires.* The commissioners, in a regular way, had the power

to employ the plaintiff. The plaintiff did not know of any irregularity in the proceedings by which his employment was authorized. He rendered valuable services in good faith, under circumstances which justified his reliance upon a regular retainer.

There is authority to the effect that where a person in good faith enters into a contract with public officers, within their power to make if they act in a regular way, and such person performs the contract on his part, and the performance is beneficial to the public, the public officers will be estopped to allege the irregularity of their action to the prejudice of the person who has so performed. (*Brady* v. *Mayor*, 20 N. Y., 312, 319; *Moore* v. *Mayor*, 73 id., 238; *Nelson* v. *Mayor*, 63 id., 535.)

If there is a statutory prohibition of power unless exercised in a regular way then the estoppel could not operate.

But here two made the employment; two could make it at a meeting of the three, or at a meeting of two if the third had had reasonable notice of the meeting. (2 R. S., 555, § 27, as amended by chap. 321, Laws 1874.) The statute authorized two to act; they did act; their action presupposes that the third officer was present or had been notified to attend the meeting. This presupposition or presumption, if there is no statutory prohibition, will exist in favor of the innocent third party dealing with the two. (*Bank* v. *Dandridge*, 12 Wheat., 70.) We do not think there exists a statutory prohibition of the exercise of power in this case.

The distinction between the rights of an innocent third party, relying upon the regularity of the acts of public officers and parting with his services and money upon the faith of the presumption which the law encourages, and the right of public officers to take the property of the citizen by virtue of their official action, is obvious and founded in sound policy. In the latter case the regularity of the action of public officers should be shown. Such is the sacredness of private rights that they can only be invaded by strict obedience to law; but in the former case, justice requires that public officers should deal in good faith, that they should not mislead the citizen, that they should not despoil him of his property, and then deny their power. Another distinction may be pointed out; it is the distinction between the acts or conditions which lie at the foundation of the existence of a power, and of the acts and

conditions which are precedent to the right to exercise it, the power itself existing. In the former case the conditions precedent must exist in order that the power exist; in the latter case the exercise of the power is a representation that the conditions precedent to the right to exercise it exist, and an innocent third party relying upon such representation and parting with value is protected. (*Gifford* v. *Town of White Plains*, 25 Hun, 606, and cases there cited.)

The motion upon the trial at the close of the evidence to strike from the record the names of the two defendants, whose term of office had expired, and allow the action to proceed in the name of the sole commissioner now in office was properly denied. The defendants elected to go to trial without having moved for substitution of parties and hence cannot complain if the action is determined according to the liability of the parties as existing when the action commenced.

The judgment should be affirmed, with costs.

LEARNED, P. J., concurred.

Present — LEARNED, P. J., and LANDON, J.

Judgment and order affirmed, with costs.